UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Shane King, | ) | |
|     *Plaintiff* | ) | Case No. 24-cv-01565-MPB-MKK |
| v. | ) | |
| Smurfit Westrock PLC, | ) | |
| Phillip Giddens, | ) | |
|     *Defendants* | ) | |

**Parties' Joint Proposed Case Management Plan**

**I.    Parties and Representatives**

    A.    Plaintiff:
          Shane King

         Defendants:
          Smurfit Westrock PLC
          Phillip Giddens

    B.    Counsel for Plaintiff:
          Andrew Stautz
          Atty. #37665-49
          Stautz Law, LLC
          735 Shelby St. #58
          Indianapolis, Indiana 46203
          andy@stautzlaw.com
          (317) 597-4497

         Counsel for Defendants:
          Misha Rabinowitch
          #18117-49
          DINSMORE & SHOHL LLP
          One Indiana Square, Ste. 1800
          Indianapolis, IN 46204-4208
          T: (317) 639-6151
          F: (317) 639-6444
          Misha.Rabinowitch@Dinsmore.com

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

    A.    The parties agree that federal jurisdiction is proper under 28 U.S.C. § 1331 (the federal-question statute) and 29 U.S.C. § 2617 (the FMLA right of action). The Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367(a).

    B.    Shane King contends that Smurfit Westrock and Phillip Giddens interfered with and retaliated against his exercise of FMLA rights when Mr. Giddens, Shane's manager at Smurfit Westrock, fired him on the first day of an FMLA-protected leave taken to treat a serious health condition. Also, in so doing, Mr. Giddens and Smurfit Westrock breached an implied contract with Shane to provide healthcare benefits during his leave and tortiously interfered with Shane's interest in receiving those benefits from a third-party provider.

    C.    Defendants Smurfit WestRock PLC ("WestRock") and Phillip Giddens (collectively the "Defendants") deny Mr. King's claims that they violated the FMLA. Mr. King was properly terminated due to continued performance deficiencies in violation of WestRock's clearly stated and uniformly enforced employee policies, including but not limited to, Mr. King's failure to meet the expectations of WestRock's attendance policy. Mr. King's termination had no relation to his FMLA leave or any other rights to which he is entitled under the law.

III. **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **November 15, 2024**.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **November 22, 2024**.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **November 29, 2024**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **December 13, 2024**.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **December 20, 2024**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 13, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 13, 2025**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **January 13, 2025**.

G.  Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **May 2, 2025**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.  All parties shall file and serve their final witness and exhibit lists on or before **June 6, 2025**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  **Discovery of electronically stored information ("ESI")**. The parties do not believe a substantial amount of ESI will be required in

this matter. If that changes, the parties will promptly work to submit an appropriate ESI Supplemental Report.

**Format.** Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means, in .pdf format without metadata. If the receiving party determines in good faith that a disclosure of a document in a printed or .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it in its native format if available. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if appropriate, shall be made in a commercially reasonable manner.

**Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the responses to the requests; and (2) to the extent a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

**Preservation of Data**. The parties will make reasonable efforts to preserve all electronic data relevant to either party's claims or defenses.

**Unintentional Disclosure of Privileged Documents**. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not

retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

The scope of discovery or the format of the production of ESI may further be limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

### IV.   Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? **Yes.** If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

    a. Plaintiff's Statement:

Summary judgment may be appropriate on FMLA liability because Smurfit Westrock failed to comply with the employer notice requirements in 29 CFR § 825.300, thus per se interfering with Shane King's exercise of his FMLA rights. Furthermore, because the first day of Shane's FMLA-qualifying leave was not an "absence," no reasonable jury could credit Smurfit Westrock's alleged reason—absenteeism—for Shane's firing. Instead, the firing was an interference with and retaliation against Shane's exercise of FMLA rights.

    b. Defendants' Statement:

Defendants intend to seek summary judgment as to each of Plaintiff's claims. Mr. King violated WestRock's employee policies, including its attendance policy. Mr. King's termination was unrelated to his FMLA leave and there is no evidence that the reasons provided for Mr. King's termination were pretext for retaliation.

B.    On or before **March 14, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

  **X** Track 2: Dispositive motions are expected and shall be filed by **March 28, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **March 7, 2025**; expert witness discovery and discovery relating to damages shall be completed by **April 25, 2025**. All remaining discovery shall be completed by no later than 16 months from Anchor Date. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery

shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in <u>February 2025</u>.**

VI. **Trial Date**

The parties request a trial date in **<u>September 2025</u>**. The trial is by **<u>jury</u>** and is anticipated to take **<u>3 days</u>**.
Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. **Referral to Magistrate Judge**

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate

consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. **Other Matters**

The Parties have no other matters for the Court's attention at present.

X. **Signatures**

        Signed:    /s/ Andrew Stautz
                          Counsel for Plaintiff

        Date:    11/6/2024

        Signed:    /s/ Michael Rabinowitch
                          (by permission)
                          Counsel for Defendants

        Date:    11/6/2024

Respectfully submitted,

Andrew Stautz
Atty. #37665-49
Stautz Law, LLC
735 Shelby St. #58
Indianapolis, Indiana 46203
andy@stautzlaw.com
(317) 597-4497
Attorney for Shane King

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2024, a copy of the foregoing Parties' Joint Proposed Case Management Plan was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ Andrew Stautz
        Atty. #37665-49