UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **SHANE KING** <br><br> Plaintiff, <br><br> vs. <br><br> **SMURFIT WESTROCK PLC, et al.**, <br><br> Defendants. | Case No. 1:24-cv-1565 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

For their Answer to Plaintiff's Complaint, Defendants Smurfit Westrock PLC ("Smurfit") and Phillip Giddens ("Giddens") (collectively "Defendants"), by and through their counsel, state as follows:

### INTRODUCTION

The allegations contained in the Introductory Paragraph of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff seeks to bring claims pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and Indiana Law. Defendants deny that Plaintiff's claims have merit or that Plaintiff is entitled to any relief whatsoever.

### I. JURISDICTION AND VENUE

1. The Court has original jurisdiction over this case under 28 U.S.C. § 1331 (the federal-question statute) and 29 U.S.C. § 2617 (the FMLA right of action). The Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367(a).

**ANSWER:** **Defendants admit that this Court has jurisdiction over this case. Defendants deny any remaining allegations in Paragraph 1.**

2. Venue is proper in this district because the events giving rise to the claim occurred here. 28 U.S.D. § 1391(b)(2).

**ANSWER:** **Defendants admit the allegations in Paragraph 2.**

## II. Statement of the Claim

3. Shane King for several years worked for Smurfit Westrock at its Indianapolis recycling plan at 1775 S West St Indianapolis, IN 46225, where, each year, he worked more than 1,250 hours.

**ANSWER:** **Defendants admit that Plaintiff worked for Defendant Smurfit from May 2018 until August 22, 2024 at its Indianapolis Recycle location at 1775 S. West St., Indianapolis, Indiana 46225. Defendant's records will reflect the number of hours Plaintiff worked each year. Defendants deny any remaining allegations in paragraph 3.**

4. Smurfit Westrock is a company engaged in commerce that employs more than 50 people.

**ANSWER:** **Defendants admit the allegations in paragraph 4.**

5. Phillip Giddens was Shane's manager at Smurfit Westrock and worked in Smurfit Westrock's interest with regard to Shane.

**ANSWER:** **Defendants admit that Defendant Giddens was Plaintiff's manager. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.**

6. In early July, 2024, Shane was diagnosed with a serious health condition-a hernia- that required time off work for surgery, recovery, and follow-up treatment.

<mark>ANSWER:</mark> **ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and on that basis deny them.**

7. Shane promptly notified Mr. Giddens of his time-off request according to usual company procedures.

**ANSWER: Defendants deny the allegations contained in Paragraph 7 of the Complaint.**

8. Shane also promptly notified Smurfit Westrock's human resources department of his need for time off work.

**ANSWER: Defendants deny the allegations contained in Paragraph 8 of the Complaint.**

9. Shane also filed a claim with Smurfit Westrock's third-party disability benefits administrator.

**ANSWER: Defendants admit that Plaintiff filed a claim with Sedgwick on July 9, 2024.**

10. Shane took time off work beginning August 21, 2024, the date of his surgery, according to the notice he had given.

**ANSWER: Defendants admit that Plaintiff requested leave beginning on August 21, 2024. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.**

11. Mr. Giddens, after trying and failing to reach Shane on August 21, called Shane August 22 and fired him.

**ANSWER:** **Defendants admit that Defendant Giddens attempted to call Plaintiff on August 21, 2024. Defendants admit that Defendant Giddens notified Plaintiff of his termination on August 22, 2024. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.**

12. Smurfit Westrock backdated the firing to August 20 to avoid providing Shane the benefits to which he was entitled.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 12 of the Complaint.**

13. Shane's disability benefits claim was denied on the (false) grounds he did not work for Smurfit Westrock on August 21.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 13 of the Complaint.**

14. Mr. Giddens and Smurfit Westrock thereby violated Shane's rights under the FMLA; breached its contract with Shane, and tortuously interfered with the provision of benefits by the third-party provider.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 14 of the Complaint.**

**III. Demand for Relief**

15. As a result of Mr. Giddens' and Smurfit Westrock's conduct, Shane has suffered and will continue to suffer both monetary and non-monetary damages.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 15 of the Complaint.**

16. Therefore, Shane seeks judgment awarding him relief, to include the past and future wagers, salary, and benefits he has wrongly been denied; interest on those amounts where applicable; liquidated damages as provided by statute; reasonable attorney fees; costs; equitable relief to include reinstatement and a permanent injunction against future invasions of his rights; punitive damages where allowed by law; and al l other relief the Court deems appropriate.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 16 of the Complaint.**

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and each of its purported causes of action fail to state facts sufficient to constitute a cause or causes of action against Defendants.

### SECOND DEFENSE

Plaintiff's Complaint and each of its purported causes of action are barred either in whole or in part by Plaintiff's failure to mitigate his alleged damages.

### THIRD DEFENSE

Plaintiff's alleged damages are subject to offset, and are speculative and thus unavailable as a matter of law.

### FOURTH DEFENSE

Plaintiff's Complaint fails to state sufficient facts upon which an award of punitive damages can be based and therefore such an award would violate Indiana law and public policy.

## FIFTH DEFENSE

Plaintiff has suffered no damages as a result of the alleged conduct of Defendant. Any alleged damages suffered by Plaintiff are the result of his own conduct or omissions.

## SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or part, because the relief sought exceeds that authorized by law.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because each action taken by Defendant with regard to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons.

## EIGHTH DEFENSE

Defendants rely on all defenses, express or implied, contained in the Family and Medical Leave Act ("FMLA"), Indiana Law, and cases interpreting the same.

## NINTH DEFENSE

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE,** having fully responded to Plaintiff's Complaint, Defendants respectfully request the following:

1. That the Plaintiff's Complaint be dismissed in its entirety with prejudice;
2. That the Court enter a judgment in favor of Defendants, and direct that Plaintiff recover nothing;

3. That Defendants be awarded its costs and expenses, including attorneys' fees, if appropriate; and

4. Any and other relief to which Defendants may now or hereafter be entitled.

Respectfully submitted,

DINSMORE & SHOHL LLP

*/s/ Misha Rabinowitch*
Misha Rabinowitch
211 North Pennsylvania Street, Suite 1800
Indianapolis, Indiana 46204
Telephone: (317) 860-5372
Facsimile: (317) 639-6444
misha.rabinowitch@dinsmore.com

Louise M. Griffin (*pro hac vice forthcoming*)
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8656
Facsimile: (513) 977-8141
louise.griffin@dinsmore.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notice of this filing to all attorneys of record.

*/s/ Misha Rabinowitch*
Misha Rabinowitch

51221595.1