UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANE KING, | ) |
|               Plaintiff, | ) ) ) |
|               v. | )   No. 1:24-cv-01565-MPB-MKK ) |
| SMURFIT WESTROCK PLC, PHILLIP GIDDENS, | ) ) ) |
|               Defendants. | ) |

**ORDER ON MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on the Parties' Joint Motion for Entry of Stipulated Protective Order, Dkt. [32]. The Motion has been referred to the Undersigned for a ruling. The parties' proposed protective order seeks to protect "confidential company information; sensitive personal information of Plaintiff and Defendant's employees; personal health information; and personnel files." (Dkt. 32-1 at 1).

### I. Applicable Standard

Under Federal Rule of Civil Procedure 26(c), litigants are permitted to seek protective orders to guard against public disclosure of relevant and discoverable material. Courts have a duty, however, to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)[1].

---

[1] Although pretrial discovery is usually conducted in private, the Seventh Circuit has endorsed a

Here, the Parties maintain that this procedural device is necessary to protect the confidentiality of particularly sensitive information. Before issuing the requested protective order, the Court must independently determine whether "good cause" exists to issue the order. *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002); *see also Citizens*, 178 F.3d at 944-45; Fed. R. Civ. P. 26(c)(1)(G). A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements. 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2035, at 483-86 (2d ed. 1994). Without this independent determination of good cause, the Court essentially gives the Parties *carte blanche* to seal or protect whatever information they desire. *See Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001) (citing *Citizens,* 178 F.3d at 945). When reviewing a proposed protective order this Court must ensure that

> (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents.

*Pierson*, 205 F.R.D. at 647 (citing *Citizens*, 178 F.3d at 946); *see also Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588 (S.D. Ind. June 17, 2008). The Court's evaluation of a proposed protective order need not be made on a document-by-document basis, if the Court is able to determine from the language of the

---

presumption of public access to discovery materials. *See Felling v. Knight*, IP 01–0571–C–T/K, 2001 WL 1782360, *2 (S.D. Ind. Dec. 21, 2001) (citing *Citizens*, 178 F.3d 945).

proposed order that the parties know which category of information is legitimately confidential and that the parties are acting in good faith in deciding which documents should be protected. *Citizens*, 178 F.3d at 946. Using qualifiers such as "private," "confidential," or "proprietary" to describe the protected information, without more description, fails to assure the Court that the parties will be making good faith and accurate designations of information." *Pierson*, 205 F.R.D. at 647.

II.   Analysis

The Court does not find good cause at this time to approve the Parties' proposed protective order. The request to protect "confidential company information; sensitive personal information of Plaintiff and Defendant's employees; personal health information; and personnel files" is too vague, and "fails to instill confidence in the Court that the parties will know how to properly designate protected information." *Brown v. Swagway*, No. 3:15-cv-588-JD-MGG, 2017 WL 6816493 at *2 (N.D. Ind. Aug. 17, 2017) (citing *Pierson*, 205 F.R.D. at 647). "Discrete closed categories of information must be explicitly delineated to satisfy the Seventh Circuit's requirements for protective orders." *Id.*; *see also Simms v. New Penn Fin. LLC*, No. 3:15–cv–263–MGG, 2017 WL 3297779 at *4 (N.D. Ind. Aug. 2, 2017) ("proposed protective orders defining categories of confidential information only with qualifiers such as . . . 'proprietary' fail to assure the court that the parties know what constitutes confidential information").

The Court questions how the proposed categories of company information, personal information, personal health information, and personnel files provide meaningful boundaries in this Family and Medical Leave Act case. If the Parties wish to more clearly

define "confidential company information; sensitive personal information of Plaintiff and Defendant's employees; personal health information; and personnel files," they may, after conferring in good faith, file another protective order for the Court's consideration. Accordingly, the Court **DENIES** the Parties' protective order (Dkt. 32).

    So ORDERED.

Date: 3/3/2025

                                        M. Kendra Klump
                                      United States Magistrate Judge
                                      Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email