UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Shane King,   ) | |
|     *Plaintiff*   ) | Case No. 24-cv-1565 |
| v.   ) | |
| Smurfit Westrock PLC,   ) | |
| Phillip Giddens,   ) | |
|     *Defendants*   ) | |

**Plaintiff's Response in Opposition to Oral Motion to Dismiss**

Shane King has not been admirably diligent in this case—he is the first to admit it. But, in light of all the circumstances, and the general rule of proportionality in sanctions, dismissal of the action would be too harsh a punishment for his failings.

### I.     Procedural Background

The case was set for an in-person settlement conference with the Magistrate Judge; Shane failed to appear. Shane also failed to appear at a telephonic show-cause hearing for his first failure to appear. Defendants made their oral motion to dismiss at that telephonic conference. That motion presumably comes under Federal Rule of Civil Procedure 41(b). (A related ground for dismissal-as-sanction comes in Rule 37, which, however, concerns discovery conduct. Here, discovery is substantially complete, and Defendants' arguments concern Shane's failure to prosecute.)

Both the Court's own show-cause proceeding and the Defendants' motion are pending.

### II.    Legal Standard

"The sanction of dismissal is appropriate only if it is proportionate to the misconduct." *Nelson v. United States*, 712 F. App'x 573 (7th Cir. 2018). Dismissal is

"considered 'draconian,'" *Maynard v. Nygren*, 332 F.3d 462 (7th Cir. 2003), (quoting *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 223-24 (7th Cir. 1992)), so, under Rule 41(b), it is only appropriate where "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing," *Id.* (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)).

In this district, cases are dismissed under Rule 41(b) when the plaintiff abandons the litigation. *See, e.g.*, *Boling v. Burgess*, No. 1:21-cv-02208-TWP-MG, 2023 U.S. Dist. LEXIS 147350 (S.D. Ind. July 25, 2023), *Johnson v. Crown Hill Mgmt. LLC*, No. 1:15-cv-02057-SEB-DML, 2016 U.S. Dist. LEXIS 112384 (S.D. Ind. July 29, 2016).

### III.  Discussion

There are at least five good reasons not to dismiss the case.

Firstly, Shane has not abandoned it. He appeared at the latest status conference and expressed both his desire to continue and his commitment to appear when required in future.

Secondly, the case has been diligently prosecuted so far, despite Shane's two recent failures to appear. The case was filed in September 2024, and counsel proposed a brisk schedule. The issues are narrowly presented to save both the Parties and the Court time and money. Written discovery and depositions were complete by the end of January 2025. Except for the derailment of court-mediated settlement attempts, the case is ready for trial.

Thirdly, Shane's failures to appear are excusable under the circumstances. This is an employment case; Shane is here because he lost his job. Losing a job means

losing structure and routine. Shane's excuse, "forgetting what day it is," is risible to a litigator who lives and dies by an online calendar. But an unemployed tradesman doesn't have the same relationship with time. Silly, perhaps—nonetheless true. A psychologist would probably call Shane's behavior typical of undiagnosed depression. (Emotional damages, I would hasten to add for the cynical reader, are not at issue in this case.)

Fourthly, the delays here hurt Shane. Defendants are not meaningfully burdened by a slower resolution to the case; their lives and businesses continue as before. Shane, by contrast, has a tenuous financial footing; he has a strong interest in quick resolution. Structurally it's the defendants who benefit from delay. The hypothetical remedy afforded by pre-judgment interest (even if it functioned perfectly, which is a generous assumption) does not remedy a cash-flow problem.

Fifthly, there are proportionate lesser sanctions. If the Court were inclined to punish Shane, it could impose on him the costs of Westrock's corporate representative's flight. It could withdraw its offer of future court-mediated settlement attempts. It could require him to appear in person to all future proceedings.

## IV. Conclusion

Shane has thrown this case off track, to his own detriment. Nonetheless, it's a well-presented case, nearly complete, and dismissal would be an injustice. Shane would have the Court discharge its show-cause order without further sanction and deny Defendants' oral motion to dismiss.

Respectfully submitted,

Andrew Stautz
Atty. #37665-49
Stautz Law, LLC
735 Shelby St. #58
Indianapolis, Indiana 46203
andy@stautzlaw.com
(317) 597-4497
Attorney for Shane King

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, a copy of the foregoing was filed electronically and served by CM/ECF on registered counsel of record.

/s/ Andrew Stautz
Atty. #37665-49