UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANE KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01565-MPB-MKK |
| | ) |
| SMURFIT WESTROCK PLC, | ) |
| PHILLIP GIDDENS, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON COSTS AND REPORT AND RECOMMENDATION
ON MOTION TO DISMISS**

This cause comes before the Court on Defendant Smurfit Westrock PLC's ("Westrock's") Response to Plaintiff Shane King's Response to Show Cause Order and Motion for Costs, (Dkt. 38), and Westrock's oral motion to dismiss Plaintiff's Complaint, (Dkt. 39 at 2).

**I.   Background**

In September 2024, Plaintiff filed this employment case claiming his manager, Defendant Phillip Giddens ("Giddens"), wrongfully fired him, in violation of the Family and Medical Leave Act and Indiana law, when Plaintiff required time off work for a health condition. (Dkt. 1 at 1–2). Further, Plaintiff alleges Defendant Westrock tortiously interfered with his claim for third-party disability benefits because Westrock backdated his termination to a date before his surgery, which resulted in the third-party denying his benefits claim. (*Id.* at 2–3).

At the December 6, 2024, telephonic initial pretrial conference, the undersigned scheduled an in-person settlement conference for February 26, 2025, at 9:30 a.m. (Eastern). (Dkt. 22). Plaintiff's counsel, Defendants' counsel, Westrock's representative, and Giddens appeared for the conference; however, Plaintiff failed to appear. (Dkt. 33). The undersigned ordered Plaintiff to show cause why he should not be ordered to reimburse Defendants for the costs of their travel to and from the settlement conference. (*Id.*). Additionally, the Court set a telephonic status conference for March 20, 2025, and "required [Plaintiff] to participate in the conference." (*Id.*).

In his written response to the show cause order, Plaintiff explained that his "phone was dead on the date of the conference and he did not check his email until the next day." (Dkt. 36). Apparently, because Plaintiff is unemployed, he does not pay attention to his calendar and deliberately keeps his use of technology to a minimum. (*Id.*). Despite Plaintiff's statement that he intended to "diligently [] comply with future Court orders and dates[,]" (*id.*), he again failed to appear at the March 20, 2025, telephonic status conference, (Dkt. 39). The Court set the matter for an in-person hearing on April 16, 2025, and again ordered Plaintiff to attend, this time in person. (*Id.*). The Court stated Plaintiff should be prepared to explain why he should not be sanctioned for his repeated failures to appear. (*Id.*). Defendants orally moved to dismiss the case. (*Id.*).

Plaintiff finally appeared for the April 16, 2025, conference and explained his failure to appear at the February 2025 settlement conference. (Dkt. 43; Dkt. 47

2

(Defendants noting Plaintiff's "only explanation for missing [the conferences] is that he forgot what day it was.")). Defendants renewed their oral motion to dismiss the case or, in the alternative, for Plaintiff to reimburse their costs for travel to the settlement conference. (Dkt. 43). These matters, (Dkt. 38; *see* Dkt. 39 (Defendants' oral motion to dismiss the case)), are now before the Court.

## II.     Applicable Law

Federal Rule of Civil Procedure 16(f)(1)(A) and (C) provides—as pertinent here—that a party may move for sanctions if a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Such sanctions include dismissal of the case. Fed. R. Civ. P. 16(f)(1) (permitting Court to issue any "just orders" which include "those authorized by Rule 37(b)(2)(A)(ii)–(vii)"); Fed. R. Civ. P. 37(b)(2)(A)(v) ("dismissing the action or proceeding in whole"). And "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses . . . incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

"The court's inherent power gives it broad authority to protect the integrity of the judicial system and to sanction parties who defy the court's orders." *Prefontaine v. Green*, No. 116-cv-0091-TWP-DML, 2016 WL 8201030, at *1 (S.D. Ind. Dec. 22, 2016), *report and recommendation adopted*, No. 116-cv-00091-TWP-DML, 2017 WL 468242 (S.D. Ind. Feb. 3, 2017) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–

45 (1991)). "A sanction should be proportional to the abusive conduct." *Id. (*citing *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003) (sanction "should be proportioned to the gravity of the offense")).

### III. Analysis

Understandably, Defendants did not find Plaintiff's explanations for failing to attend the conferences satisfactory. (*See* Dkts. 38, 47). As such, Westrock moved to dismiss the case or, in the alternative, for Plaintiff to reimburse Westrock for its travel expenses to the settlement conference in the amount of $1,153.13, (Dkt. 38 at 2–3; Dkt. 47 at 2). Plaintiff's only argument that he should not be ordered to reimburse Westrock's representative's travel costs is that he "has no money with which to satisfy a monetary sanction[.]" (Dkt. 36 at 2).

As noted, Plaintiff failed to attend the settlement conference because his "phone was dead on the date of the conference and he did not check his email until the next day." (Dkt. 36 (Plaintiff "often allows his phone to go dead and uncharged for hours or days at a time")). Additionally, he did not "pay attention to a calendar" and claims counsel's email reminders "were too far in advance . . . to convey the immediacy of the scheduled date and time of the settlement conference." (*Id.*). Plaintiff admits the sole cause of his failure to comply with the Court's Orders was his general lack of desire to check a calendar or set up an alternative, non-virtual way to keep track of his appointments.

The Court does not find Plaintiff's explanations substantially justify Plaintiff's noncompliance with multiple orders to appear. Further, it does not find

4

there are any other considerations that would make an award of the requested costs unjust. *See In re Szymanski*, 344 B.R. 891, 898 (Bankr. N.D. Ind. 2006) ("The court sees nothing unjust about requiring . . . a party who has caused its opposition to unnecessarily devote time and trouble to a matter to reimburse them for the reasonable value of their labors."). As such, the Court finds Plaintiff's repeated failures to appear warrant sanctions. *See Felice v. Republic Airlines, Inc.*, No. 4:09-cv-071-JD-APR, 2014 WL 4843891, at *5 (N.D. Ind. Sept. 26, 2014) (approving monetary sanctions based on "costs associated with attending the settlement conference"); *Prefontaine*, 2016 WL 8201030, at *1 (concluding that the plaintiff's failure to attend the settlement conference warranted sanctions). The Court does not find reason to assess costs on Plaintiff's counsel who appears to have endeavored, albeit unsuccessfully, to ensure his client's appearance at the conferences.

      The Court finds the payment ordered herein to be a sufficient sanction for Plaintiff's failure to appear. The undersigned therefore recommends that the District Judge deny Westrock's oral motion to dismiss the case. *See Felice*, 2014 WL 4843891, at *1 (N.D. Ind. Sept. 26, 2014) (holding the appropriate sanction for failing to appear for a settlement conference under similar circumstances was to pay the fees "directly attributable" to that failure).

## IV. Conclusion

### A. Motion for Costs

The Court, having reviewed the matter and being duly advised, hereby **GRANTS** Defendants' Motion for Costs, (Dkt. 38). Plaintiff is hereby **ORDERED** to reimburse Westrock for its expenses incurred to attend the February 26, 2025, Settlement Conference in the amount of $1,153.13 **within sixty (60) days** of the date of this Order.

So **ORDERED**.

### B. Motion to Dismiss

The Court, having reviewed the matter and being duly advised, hereby **RECOMMENDS** that the District Judge **DENY** Westrock's oral Motion to Dismiss. Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

So **RECOMMENDED**.

Date: 5/6/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF