UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Shane King, ) | |
|     *Plaintiff* ) | Case No. 24-cv-1565 |
| v. ) | |
| Smurfit Westrock PLC, ) | |
| Phillip Giddens, ) | |
|     *Defendants* ) | |

### Brief in Support of Motion for Summary Judgment

This is a straightforward FMLA interference/retaliation case: Shane King worked for many years as a forklift operator at Smurfit Westrock's Indianapolis recycling plant. Last summer he was diagnosed with a hernia and told Westrock he needed a month off for surgery. Westrock and its third-party benefits provider calendared the leave. But then, as soon as Shane was out for surgery, Westrock fired him for it. That's not allowed. 29 U.S.C. § 2615(a)(1).

### I. Legal Standard on Summary Judgment

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (citing Fed. R. Civ. P. 56(a)).

### II. The FMLA

"[T]he FMLA grants eligible employees up to 12 workweeks of unpaid leave (480 hours) per year for medical and family reasons. See § 2612(a)(1) & (c). An eligible employee is entitled to restoration to the same or equivalent job and benefits when

the leave ends, and to continuation of health insurance during leave. § 2614(a)(1) & (c)(1)." *Ziccarelli v. Dart*, 35 F.4th 1079, 1084 (7th Cir. 2022).

To protect that entitlement, "[t]he FMLA provides that an employer may not 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under' the Act. 29 U.S.C. § 2615(a)(1)." *Id.* And "[t]he FMLA makes it 'unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by' the Act." *Id.* at 1092 (quoting 29 U.S.C. § 2615(a)(2). Violations of those two provisions are, respectively, FMLA interference and FMLA retaliation.

"An employee claiming FMLA interference must show that: (1) he was eligible for FMLA protections; (2) his employer was covered by the FMLA; (3) he was entitled to take leave under the FMLA; (4) he provided sufficient notice of his intent to take leave; and (5) his employer 'interfered with, restrained, or denied FMLA benefits to which he was entitled.'" *Juday v. FCA US LLC*, 57 F.4th 591, 596 (7th Cir. 2023) (citing *Ziccarelli*, 35 F.4th at 1089). For an FMLA retaliation claim, the additional requirement is for the plaintiff to show that his "[protected activity] was a motivating factor in Defendant's decision to [adverse action] him. . . . It does not have to be the only reason." 7th Cir. Pattern Instruction 10.4 (citing *Goelzer v. Sheboygan County*, 604 F.3d 987, 995 (7th Cir. 2010)); *Anderson v. Nations Lending Corp.*, 27 F.4th 1300, 1307 (7th Cir. 2022).

### III. Facts of the Case

    A. Events

Beginning in 2018, Shane King worked full-time as a forklift operator at Smurfit Westrock's Indianapolis recycling plant. (Termination Review, ECF No 53-3.) In July 2024, Shane was diagnosed with a hernia and scheduled for surgery. (King Deposition at 48:9-15, ECF No. 53-4 at 49). He told both the office manager and his immediate supervisor, Phil Giddens, and began the short-term disability claims process with Westrock's third-party benefits administrator Sedgwick. (*Id.* at 49:16–50:15 (office manager and claims); 50:12-17 (Mr. Giddens), ECF No. 53-4 at 49-50; see also Sedgwick Timeline ECF No. 53-7). The surgery, initially set for July 25, was, on the day before, postponed to August 21. (King Dep. at 53:18 – 54:19, ECF No. 53-4 at 54-55.) Shane told Westrock of the rescheduled date no later than August 5. (Time Off Request Form, ECF No. 53-1; Giddens Dep. at 19:4-19, ECF No. 53-5 at 20)

On August 8 and 9, Shane was late for work. (King Dep 48: 23-25.) Mr. Giddens messaged Mark Kennedy, an HR Manager, on August 9 about firing Shane for violations of Westrock's attendance policy. (Teams Messages, ECF No. 53-2). Shane had been over the absences limit since early 2024, at the latest, but the escalating write-ups and warnings in late 2023 and early 2024 hadn't led to anything (Write Ups, ECF No. 53-6; Giddens Dep. at 96:10-97:11, ECF No. 53-5 at 97-98). In response to Mr. Giddens' August 9 query, Mr. Kennedy wrote, "[Shane's] leave is not scheduled to begin until 8/21. He has not supplied documentation for his leave per Sedgwick. Any absences he has now are not excused." (Teams Messages, ECF No. 53-2.)

Nothing changed for the next eleven days. (King Dep. at 48:4-8, 67:12-18, ECF No. 53-4 at 49, 68.) On August 20, at work, the day before Shane's surgery, Mr. Giddens asked Shane about the approval status of his leave request; Shane, in response, emailed his Sedgwick claim documents to Mr. Giddens. (*Id.* at 58:8-17, 59:1-18, ECF No. 53-4 at 59, 60; King-Giddens Email, ECF No. 53-8).

On August 21, Shane was absent for surgery. (Surgery After-Visit Summary, ECF No. 53-10.)

Mr. Giddens tried calling Shane that day (Giddens Voicemail 8-21-2025, ECF No. 53-9). On August 22, Mr. Giddens called Shane again and fired him. Mr. Giddens said the leave was not approved. (King Dep. at 57:10-20; 60:9-13, ECF No. 53-4 at 58, 61.) Behind the scenes at Westrock, emails were flying to figure out the status of Shane's leave request. (Westrock Benefits Emails, ECF No. 53-11.)

B. Material Facts Not in Dispute

None of the basic elements of FMLA eligibility is disputed: Shane had the requisite tenure and hours worked at Smurfit Westrock, and Smurfit Westrock is a covered employer. (*Id.*). Shane's hernia required time off for surgery and recovery. (Surgery After-Visit Summary, ECF No. 53-10). Westrock had notice of the surgery as soon as it was scheduled and, later, re-scheduled. (Time Off Request Form, ECF No. 53-1; King Dep. at 48:9-50:17; 53:11-54:19, ECF No. 53-4 at 49, 54-55; Sedgwick Claim Timeline, ECF No. 53-7.) And Shane was fired during his time off. (Termination Review, ECF No. 53-3.)

4

IV. Discussion

A. Interference

The application of law to facts is straightforward. Shane needs to show "(1) he was eligible for FMLA protections," *Juday*, 57 F.4th at 596—his eligibility is undisputed. He needs to show "(2) his employer was covered by the FMLA," *id.*—also undisputed. That "(3) he was entitled to take leave under the FMLA," *id.*—ditto; and "(4) he provided sufficient notice of his intent to take leave," *id.*—ditto.

So the only question is whether "(5) his employer 'interfered with, restrained, or denied FMLA benefits to which he was entitled,'" *id.* There's no doubt Westrock fired Shane during his leave, thus denying him "restoration to the same or equivalent job and benefits when the leave ends." 29 U.S.C. § 2614(a).

That's a complete affirmative case for FMLA interference, on which summary judgment is proper as to liability.

B. Retaliation

As for retaliation, Shane needs also to show that his "[protected activity] was a motivating factor in Defendant's decision to [adverse action] him. . . . It does not have to be the only reason." 7th Cir. Pattern Instruction 10.4. He can. Mr. Giddens and Westrock, having confused short-term disability claims approval with FMLA eligibility, fired Shane for his "unapproved" August 21 absence.

We know that Mr. Giddens and Westrock fired Shane for the August 21 absence because they were concerned with the leave "approval." Why else would they care?

5

If they had their predicate absences on August 8 and 9, they wouldn't have needed to determine whether the August 21 absence was excused or not. Yet on August 20, Mr. Giddens wanted to see claims paperwork from Shane; on August 22, Mr. Giddens told Shane while firing him the leave was not approved. The flurry of emails post-firing discuss leave approval.

Because no reasonable jury could find in the alternative, summary judgment is proper on liability for the retaliation claim.

### C. A Remark on Affirmative Defenses

Westrock is likely to assert an affirmative defense: that Shane "would have been fired regardless of whether [he] took the leave." *Goelzer v. Sheboygan Cnty.*, 604 F.3d 987, 993 (7th Cir. 2010). "Generally, the party raising an affirmative defense bears the burden of proof." *Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012) (citing *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir.2004)), and, indeed "[the] employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment." 29 CFR § 825.216(a).

Westrock can't make that showing: their evidence will, in fact, show the opposite of what it intends. Shane was not fired for attendance over the months and years he violated the policy; the *status quo* was tenable for all. It was only when Shane took "unapproved" FMLA time off that Westrock fired him.

6

## V. Conclusion

It's not complicated: FMLA interference and retaliation liability are clear when an employer uses an FMLA absence to fire an employee. That's what happened here, and summary judgment is proper as to liability on those claims.

Westrock's excuses can be attempted to be proved later.

WHEREFORE, Plaintiff moves the Court to enter partial summary judgment in his favor, and for all other just and proper relief in the premises.

Respectfully submitted,

Andrew Stautz
Atty. #37665-49
Stautz Law, LLC
735 Shelby St. #58
Indianapolis, Indiana 46203
andy@stautzlaw.com
(317) 597-4497
Attorney for Shane King

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2025, a copy of the foregoing Brief in Support of Motion for Summary Judgment was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew Stautz
Atty. #37665-49