UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **SHANE KING** | Case No. 24-cv-1565 |
| Plaintiff, | |
| vs. | |
| **SMURFIT WESTROCK PLC, et al.** | |
| Defendants. | |

## DECLARATION OF MARK KENNEDY

I, Mark Kennedy, am over the age of 18 and make the following statements upon personal knowledge and under the penalty of perjury. I understand that this Declaration may be used for any purpose allowed by law including, but not limited to, in connection with Defendants Smurfit Westrock PLC ("Westrock") and Phillip Giddens' ("Giddens") (collectively "Defendants") Consolidated Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment Motion ("Defendants' MSJ") filed in the above-captioned litigation.

1.      I am employed by Westrock as its Senior HR Manager / HRBP. I have been in this position since August 13, 2023.

2.      I am a custodian of the records and am otherwise familiar and competent to testify as to the authenticity of the records produced herein.

3.      The documents that comprise Defendants' MSJ Exhibits A-K & N, listed below are excerpts of documents Westrock maintains within its internal systems:

Defendants' Exhibit A: Westrock's Attendance Policy dated 1/1/2023, Westrock 000995-001000.

Defendants' Exhibit B: Westrock's Indianapolis Recycling Facility Saturday Work Schedule Policy dated 3/9/2023, Westrock 001073-001074.

Defendants' Exhibit C: 2023 Hourly Performance Appraisal of Shane King dated 12/18/2023, Westrock 000047-000048.

Defendants' Exhibit D: Westrock's Accrual Banks Detail Spreadsheet between 1/1/2024 and 12/31/2024, Westrock 000770-000966.

Defendants' Exhibit E: Westrock's Timesheet Exceptions Spreadsheet between 1/1/2024 and 12/31/2024, Westrock 000688-000690.

Defendants' Exhibit F: Text Messages between Shane King and Manager Chris Pflum dated 8/8/2024 and 8/9/2024, Westrock 000574-000575.

Defendants' Exhibit G: Westrock's Indianapolis Recycling Facility Terminations by Giddens in 2023 and 2024, Westrock 000990-00994.

Defendants' Exhibit H: Shane King Initial Claim Report dated 7/9/2024, Westrock 000375-000380.

Defendants' Exhibit I: Request for Medical Information dated 8/27/2024, Westrock 000480-000485.

Defendants' Exhibit J: Westrock's Family Medical Leave Act Policy dated 5/1/2023, Westrock 001031-001035.

Defendants' Exhibit K:  Westrock's Americans with Disabilities Act & Family Medical Leave Act Review for Managers dated 1/2024, Westrock 001036-001052.

Defendants' Exhibit N: Text Messages between Shane King and Manager Chris Pflum dated 7/25/2024, Westrock 000577.

4.      The documents attached to this Declaration as Defendants' Exhibits A-K & N, are true and accurate copies of documents that were made at or near the time of occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; are kept in the course of the regularly conducted activity of Westrock; and were made by the regularly conducted activity of Westrock.

5.      Also, as part of my job as a Senior HR Manager, I am responsible for several tasks, including but not limited to reviewing documentation, including an employee's disciplinary file, supporting a manager's decision to terminate an employee. I assess the documents and may consult with the manager and/or the Legal Department if there are any questions or if there are special circumstances, such as a pending leave of absence. After reviewing the evidence and gaining any additional clarification necessary, I inform the manager as to whether HR supports or does not support the termination. Generally, the manager will then notify the employee of their termination.

6.      On August 9, 2024, the Plant Manager of Westrock's Indianapolis Recycle facility, Giddens, reached out to me and informed me that he has made the decision to terminate Forklift Operator Shane King ("King") due to his violations of Westrock's Attendance Policy ("Attendance Policy").

7.      I reviewed King's disciplinary file as it pertained to his attendance, including the November 13, 2023 Written Warning; December 13, 2023 2nd Written Warning or Final Written Warning and Suspension; and March 15, 2024 Final Written Warning. I also reviewed documentation demonstrating his current points pursuant to the Attendance Policy.

8.      At the time Gidden's made the decision to terminate King on August 9, 2024, King had requested FMLA leave and Short Term Disability from August 21, 2024 through September 20, 2024.

9.      In light of King's upcoming medical leave, I consulted with the Legal Department to ensure that the termination was not violative of any of King's rights.

10.     On August 20, 2024, I notified Giddens that his August 9, 2024 decision to terminate Plaintiff was supported by HR.

11.     Between August 9, 2024 and August 20, 2024, I was traveling to different Westrock locations throughout the country. My lack of availability caused a delay in the review of Giddens' termination decision.

12.     Giddens notified Plaintiff of his termination on August 22, 2024. King was terminated solely due to his continued violations of the Attendance Policy.

13.     King was not terminated in retaliation for, or to interfere with, his medical leave. In fact, we closely scrutinized Giddens' decision to terminate King to ensure that the termination was not violative of any of King's rights.

14.     King's termination was effective August 20, 2024 since that was the last day he worked. We could not have made his termination effective August 9, 2024, as that would have affected his pay between August 9, 2024 through August 20, 2024.

I declare under penalty of perjury (28 U.S.C. § 1746) that the foregoing is true and correct based on my personal knowledge and information. Executed on September 5, 2025.

Signed by:

Mark Kennedy

E39123CEECD04D7...

Mark Kennedy