UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Shane King, | ) | |
|     *Plaintiff* | ) | Case No. 24-cv-1565 |
| v. | ) | |
| Smurfit Westrock PLC, | ) | |
| Phillip Giddens, | ) | |
|     *Defendants* | ) | |

**Reply in Support of Plaintiff's Motion for Summary Judgment and Response in Opposition to Defendants' Cross-Motion for Summary Judgment**

If we could, for a moment, set aside the lawyerly rhetoric, and that particular style of assertion and counter-assertion that characterizes briefing in federal court (where is it learned?) we'd find the case to be this: Shane King was an indifferent employee for years, and then he was fired on the first day of surgery leave. Was that because of his absences two weeks before, August 8 and 9? Or was it because of his surgery leave, and his absence on the day he was fired?

Obviously Defendants say surgery leave had nothing to do with it; obviously Shane disagrees. We're not going to get it resolved on paper, because it's a credibility question.[1] (This was foreseeable at the outset, and the year that's passed since it all happened, not to mention the paper battles, merely tip the scales in favor of the

---

[1] Defendants' brief concludes that Plaintiff's claims rest "only" on his "interpretation of Defendants' actions," and therefore fail. That has to be rhetorical posturing, and not actual reasoning—what *is* the law except interpreting actions? Let's be real. Evidence for Plaintiff: 1. Shane was never fired before, despite terrible attendance for over two years; 2. There's an unexplained 12 days between August 9 and August 21; 3. Westrock still apparently cared about Shane's surgery leave approval after it claims to have decided to fire him; 4. The only contemporaneous written message from Mr. Giddens about wanting to fire Shane refers to his surgery leave. Evidence for Defendant: 1. Shane had an eminently fireable attendance record, including absences and tardinesses on all the dates alleged; 2. Defendants' say-so that the timing was bad luck and the surgery leave had nothing to do with it.

corporate defendant, who doesn't need to find another job and make rent while the lawyers put it to a jury.)

Moving for summary judgment as Plaintiff was nonetheless necessary for two reasons. Firstly, because anchoring bias is real, and it might as well be on one's client's side. Secondly, because the burden of proof is crucial in a close case like this where both sides have plausible interpretations of the evidence. And if, as Plaintiff's initial Motion argues, the FMLA interference case was complete on firing, and Westrock's "we would have fired him anyway" is an affirmative defense, then summary judgment actually *is* proper, and the burden of proof has flipped from Plaintiff to Defendant as to that claim. (If on investigation there should turn out to be a difference between what the statute says, on one hand, and what cases say, on the other, which should control?)

There are enough cases out there, wrongly decided, where courts have picked a story on summary judgment, and ruled in favor of the more plausible. (It seems to have become habitual, too, for counsel to invite that error in their summary judgment briefing—but why not, the cynic says, if courts will make it?) That shouldn't happen here. We've got two good stories, both plausible to a neutral observer. It's an easy four-pager: the correct outcome is to grant summary judgment to Plaintiff on the FMLA interference claim, then deny summary judgment on the rest, sending the remaining Plaintiff claims and Defendants' affirmative defense to trial.

WHEREFORE, Plaintiff moves the Court to enter partial summary judgment in his favor, and for all other just and proper relief in the premises.

Respectfully submitted,

Andrew Stautz
Atty. #37665-49
Stautz Law, LLC
735 Shelby St. #58
Indianapolis, Indiana 46203
andy@stautzlaw.com
(317) 597-4497
Attorney for Shane King

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed electronically, was on the date of filing served to registered counsel of record by CM/ECF.

/s/ Andrew Stautz
Atty. #37665-49