**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **SHANE KING** <br><br> Plaintiff, <br><br> vs. <br><br> **SMURFIT WESTROCK PLC, et al.** <br><br> Defendants. | Case No. 24-cv-1565 |

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants Smurfit Westrock PLC ("Westrock") and Phillip Giddens ("Giddens") (collectively "Defendants"), by and through counsel, hereby submits their Reply In Support of Defendants' Cross-Motion for Summary Judgment:

Each of Plaintiff's claims against Defendants should be dismissed pursuant to Fed. R. Civ. P. 56(c). Plaintiff's Motion for Summary Judgment (ECF No. 53) as well as his Reply in Support of Plaintiff's Motion for Summary Judgment and Response in Opposition to Defendants' Cross-Motion for Summary Judgment ("Response in Opposition") (ECF No. 66) wholly fail to put forth any facts or evidence beyond mere conjecture to contradict Defendants' properly supported Cross-Motion for Summary Judgment. In fact, Plaintiff's Response in Opposition is devoid of any factual allegations or evidence, including any evidence controverting the factual allegations contained in Defendants' Cross-Motion for Summary Judgment. Rather, the Response in Opposition consists entirely of Plaintiff's counsel's philosophical musings, acknowledgment that Plaintiff's Motion

for Summary Judgment was filed, at least in part, due to perceived "anchoring bias," and criticism of unspecified court rulings.

The only argument put forth in Plaintiff's Response in Opposition is that a question of fact exists because Plaintiff, who had a history of performance issues, was notified of his termination during his medical leave of absence for two back-to-back violations of Westrock's Attendance Policy that occurred approximately two weeks earlier. This argument fails, however, upon an examination of the uncontroverted factual and documentary evidence, because Plaintiff's argument rests solely on unsupported suppositions, which is insufficient to overcome summary judgment. Moreover, while the Response in Opposition mentioned Plaintiff's FMLA interference claim, Plaintiff failed to delineate his FMLA retaliation, breach of contract, and tortious interference claims, thereby abandoning those claims. Accordingly, summary judgment should be granted in favor of Defendants on each of Plaintiff's claims as: (i) the undisputed facts and evidence clearly show that Plaintiff was terminated solely because of his continued violations of Westrock's Attendance Policy; and (ii) Plaintiff abandoned his FMLA retaliation, breach of contract, and tortious interference claims.

I. **The undisputed facts show that Plaintiff was terminated solely for continued violations of Westrock's Attendance Policy, not due to his medical leave.**

In his Response in Opposition, Plaintiff, in a footnote, provides the Court with the following four pieces of circumstantial evidence to support his theory of the case, namely: (i) Plaintiff had not previously been terminated despite his history of "terrible attendance;" (ii) the "unexplained" thirteen calendar days between Plaintiff's final attendance violation (August 9, 2024) and the day Plaintiff was notified of his termination (August 22, 2024); (iii) messages regarding Plaintiff's leave approval after Plaintiff was terminated; and (iv) Defendant Giddens mention of Plaintiff's leave in his messages conveying his decision to terminate Plaintiff's

2

employment. However, Plaintiff's arguments ignore the undisputed documentary evidence and sworn testimony that provides clear context and legitimate reasons for each of the four items.[1] After review of the uncontroverted evidence providing legitimate business reasons for Defendants' actions, Plaintiff's arguments are only viable if the fact finder ignores the evidence and relies on Plaintiff's own speculation to determine that Defendants' actions were pretextual.

### a. Summary judgment is proper as the undisputed documentary evidence provides legitimate reason for termination.

Plaintiff's Response in Opposition does not address the uncontroverted evidence contained in Defendants' Cross-Motion for Summary Judgment and its accompanying documents, which clearly provide legitimate reasons for the timing of Plaintiff's termination as well as the gap between the final attendance violation and notification of termination.

First, the record clearly demonstrates that Plaintiff was terminated due to his continued attendance violations, not his medical leave. While it is accurate that Plaintiff had "terrible attendance for over two years", Plaintiff was subjected to progressive disciplinary actions throughout that time. (ECF No. 61, Section I ¶¶ 15-19). At the time Plaintiff first requested medical leave on July 9, 2024, he was on final warning for his attendance. (ECF No. 61, Section I ¶¶ 15-19, 40). This was the first time that he was on a final warning. (ECF No. 61, Section I ¶¶ 15-19). Less than a week after Plaintiff's leave request, he committed an attendance violation followed by another violation shortly thereafter. (ECF No. 61, Section I ¶¶ 15-19, 22, 43). Defendants could have terminated Plaintiff for these violations, but did not, which cuts directly against Plaintiff's theory that he was terminated due to his medical leave. (*Id.*).

---

[1] Plaintiff failed to deny the material facts propounded by Defendants in their Cross-Motion for Summary Judgment or in the accompanying Declaration of Mark Kennedy, thus they are undisputed. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 222 (7th Cir. 2015) ("Curtis has failed to deny the material facts propounded by Costco pertaining to Jalowiec's complaint to Costco management about Curtis's statement to her and the resulting demotion. As a result, these facts are undisputed.").

Within two weeks of his last attendance violation, on August 8, 2024, Plaintiff was over an hour late to work. (ECF No. 61, Section I ¶ 25). At this time, Defendant Giddens had a conversation with Plaintiff to stress the importance of adhering to the attendance policy – a conversation which Plaintiff was visibly uninterested in. (ECF No. 61, Section I ¶¶ 25-26). The next day, Plaintiff was over an hour late to work again, which was the final straw for Defendant Giddens. (ECF No. 61, Section I ¶¶ 25-27). On August 9, 2024, Defendant Giddens made the decision to terminate Plaintiff's employment due to his continued blatant violations of the Attendance Policy, which he communicated to Human Resources Manager Mark Kennedy ("Kennedy"), per Company practice. (ECF No. 61, Section I ¶¶ 25-30). While it is true that Defendant Giddens mentioned his upcoming leave in the conversation with Kennedy, Plaintiff misrepresents the context in which the leave was brought up. The message clearly states: "I [Defendant Giddens] think he [Plaintiff] believes that he's now immune from any action having filed to STD and it's having a negative effect on my entire team. My concern is that this will continue up to the date of his surgery while the remainder of the team sees this and perceives that there are no consequences for him." (ECF No. 61, Section I ¶¶ 29-30). Defendant Giddens clearly is concerned about Plaintiff's attendance and the effect that it is having on his team. He is not concerned about the medical leave itself.

With respect to the time between the final attendance violation and Plaintiff's notification of termination, Defendants provided clear evidence explaining the legitimate reasons for the so called "unexplained gap." After Defendant Giddens notified Kennedy of his decision to terminate, Kennedy reviewed documentation relating to Plaintiff's attendance and consulted with Defendant Westrock's legal department to ensure that termination was legitimate and *would not* violate any of Plaintiff's rights with respect to his medical leave. (ECF No. 61, Section I ¶¶ 29-33).

4

Additionally, at this time, Kennedy was traveling and had limited availability, which delayed the termination review. (EFC No. 61-1, ¶ 11). On August 20, 2024, Kennedy alerted Defendant Giddens that his decision to terminate Plaintiff's employment was supported by Human Resources.[2] (ECF No. 61, Section I ¶¶ 32-35).

Defendant Giddens was not able to get in contact with Plaintiff until August 22, 2024, which is when he notified Plaintiff of his termination due to his attendance violations. (*Id*.). During the termination conversation, Defendant Giddens, as he had done previously, provided Plaintiff with an update regarding his leave request. (ECF No. 61, Section I ¶¶ 44-48). Both Defendant Giddens and Kennedy swore that the decision to terminate Plaintiff's employment was solely due to his violations of Westrock's Attendance Policy and that his medical leave had no bearing on the termination decision. (Giddens Depo. 75:3-76:5, 101:14-21, 110:8-111:13, ECF No. 61-1, ¶¶ 12-13).

The undisputed facts of this case clearly show that Plaintiff was terminated solely for his continued violations of Westrock's Attendance Policy, thus summary judgment in favor of Defendants is proper. *See Curtis*, 807 F.3d at 222 (7th Cir. 2015) ("Summary judgment for the employer is proper where the employer provides undisputed evidence that the adverse employment action is based upon the employee's poor job performance.").

### b. Plaintiff is unable to establish that Defendants' non-discriminatory, non-retaliatory reason for termination is pretextual.

As Defendants have established a legitimate reason for Plaintiff's termination, it is Plaintiff's burden to demonstrate that Defendants' reasons were pretextual. *See Simpson v. Office of Chief Judge of Circuit Court of Will County*, 559 F.3d 706, 712-713 (7th Cir. 2009) (After the defendant proffered a legitimate motive for termination, it becomes plaintiff's burden to prove that

---

[2] There were only seven business days between August 9, 2024 and August 20, 2024.

5

the termination was "illegally motivated."). To support his theory that Defendants' reason for Plaintiff's termination was motivated by his leave, Plaintiff continues to rest on his own interpretation of Defendants' actions due to the timing of the termination and the fact that he had never been terminated before despite his poor attendance record. Defendants, through the evidence presented, clearly provided legitimate business reasons for each of the actions Plaintiff contends evidence an illegal motive.

It is clear from Plaintiff's Response in Opposition that he has no actual evidence to overcome the uncontroverted facts and evidence, as his Response in Opposition relied solely on unsupported suppositions that either directly contradict or misrepresent the evidence. This is simply insufficient to demonstrate pretext or to survive a motion for summary judgment. *See Trentadue v. Redmon*, 619 F.3d 648, 653 (7th Cir. 2010) (Holding that what "is uncontroverted as an evidentiary matter […] cannot be overcome by mere speculation"); *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 597 (7th Cir. 2019) (Mere conjecture and speculation supporting plaintiff's claims is not enough to survive a motion for summary judgment); *Juday v. FCA United States LLC*, 2021 U.S. Dist. LEXIS 20547, *20, (S.D. Ind. Feb. 3, 2021) (Where the defendant offered a legitimate reason for disciplining the plaintiff, plaintiff's own speculation was insufficient evidence to demonstrate that defendant's actions were pretext for retaliation); *Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792, 800 (7th Cir. 2014) ("[C]ircumstantial evidence must point 'directly to the conclusion that an employer was illegally motivated, without reliance on speculation.'"); *Roger Whitmore's Auto. Servs., Inc. v. Lake Cty.*, 424 F.3d 659, 669 (7th Cir. 2005) (plaintiff must present something beyond "bare speculation or a scintilla of evidence" to defeat summary judgment).

Temporal proximity alone does not save Plaintiff's case from summary judgment. *Tibbs v. Admin Off. of the Ill. Cts.*, 860 F.3d 502, 505-506 (7th Cir. 2017) (Suspicious timing, without more, is rarely sufficient to demonstrate that the defendants actions were pretext for retaliation); *Harden v. Marion Cnty. Sheriff's Dep't*, 799 F.3d 857, 862 (7th Cir. 2015) ("Temporal proximity between an employee's protected activity and an adverse employment action is rarely enough to show causation.") (citation omitted).

Accordingly, as Plaintiff has not met his burden by adequately demonstrating that Defendants' legitimate reasons for Plaintiff's termination were pretextual, summary judgment is proper on each of Plaintiff's claims.

## II. Plaintiff abandoned his FMLA retaliation, breach of contract and tortious interference claims.

"A party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." *Robyns v. Reliance Std. Life Ins. Co.*, 130 F.3d 1231, 1237 (7th Cir. 1997). "When a party fails to delineate a claim in his brief in opposition to summary judgment, that claim is 'deemed abandoned.'" *Deputy v. City of Seymour*, 2014 U.S. Dist. LEXIS 137655 (S.D. Ind. Sept. 30, 2014) quoting *Palmer v. Marion Cnty.*, 327 F.3d 588, 597 (7th Cir. 2003) ("because Palmer failed to delineate his negligence claim in his district court brief in opposition to summary judgment or in his brief to this Court, his negligence claim is deemed abandoned").

Plaintiff bore the burden to demonstrate that a genuine issue of material fact exists with respect to each of his claims in his opposition to Defendants' Cross Motion for Summary Judgment. However, the only claim that Plaintiff referenced was his FMLA interference claim. Plaintiff completely failed to delineate his FMLA retaliation, breach of contract, and tortious interference claims and failed to develop any facts or legal arguments demonstrating the existence

of a genuine issue of material fact exists to preclude dismissal. Accordingly, the Court should deem that Plaintiff abandoned his claims against Defendants regarding FMLA retaliation, breach of contract, and tortious interference.

### III.     Conclusion

For the foregoing reasons, and for the reasons set forth in Defendants' Cross-Motion for Summary Judgment, Defendant respectfully requests that the Court grant Defendant's Cross-Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and dismiss each of Plaintiff's claims with prejudice.

Respectfully submitted,

DINSMORE & SHOHL LLP

*/s/ Louise M. Griffin*
Michael Rabinowitch
211 North Pennsylvania Street, Suite 1800
Indianapolis, Indiana 46204
Telephone: (317) 860-5372
Facsimile: (317) 639-6444
misha.rabinowitch@dinsmore.com

Louise M. Griffin (*pro hac vice*)
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8656
Facsimile: (513) 977-8141
louise.griffin@dinsmore.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notice of this filing to all attorneys of record.

*s/Louise M. Griffin*
Louise M. Griffin